IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD C. HVIZDAK,

    Plaintiff,

v.

CITIZENS BANK OF PENNSYLVANIA;    NO. 2:14-cv-00406-RCM
RBS CITIZENS, NA;
CITIZENS FINANCIAL GROUP, NAS;
ROYAL BANK OF SCOTLAND;
KAREN D. BUDNIAK, SENIOR V.P.;
RICHARD J. BOUDREAU &
ASSOCIATES, LLC;
UNIVERSITY FIDELITY LP;
MERCANTILE ADJUSTMENT BUREAU,

    Defendants.

## REPLY BRIEF IN SUPPORT OF DEFENDANT RICHARD J. BOUDREAU & ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Richard J. Boudreau & Associates, LLC (hereinafter "Defendant RBA") submits this Reply Brief in support of its Motion to Dismiss Plaintiff's Amended Complaint, with prejudice, and in support thereof states as follows:

Plaintiff filed his "Brief Opposing Motion to Dismiss" on January 7, 2015. Ostensibly, the brief that was filed is in global response to the various motions to dismiss filed by all of the Defendants in this lawsuit. As with his Complaint and Amended Complaint, Plaintiff devotes the vast majority of his twenty seven page brief detailing the LIBOR situation and his purported claims against the RBS Defendants, while making passing references to the involvement of the "Debt Collectors." Plaintiff concedes that the Debt Collectors role is "far peripheral" and that "it

is not contended that they are privy to the big picture of LIBOR fraud..." (Plaintiff's Brief Opposing Motion to Dismiss, p.22) This admission only further strengthens the argument that RBA was not involved in any type of common scheme or enterprise with the other Defendants, nor did RBA commit any actionable wrong relating to Plaintiff.[1]

At the outset, it is apparent from the face of Plaintiff's Amended Complaint that Plaintiff lacks standing to sue RBA in this matter. Plaintiff's claims against RBA are based solely upon collection activity allegedly directed not to Plaintiff, but to non-party entities. Plaintiff has alleged no facts or legal principles in his amended complaint or his response which would provide a basis for standing in this matter.[2] As such, Plaintiff lacks standing to bring a claim against RBA and on this basis his claims should be dismissed with prejudice.

Assuming *arguendo* that this Court determines that Plaintiff has alleged a basis for standing in his Amended Complaint, the claims against RBA should nonetheless be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's Amended Complaint even when read in conjunction with Plaintiff's "RICO Statement" fails to sufficiently set forth any statutory or common law cause of action against Defendant RBA.

Plaintiff places his entire theory of liability against RBA on the claim that RBA failed to validate the debt his company owed. RBA's basis for inclusion in every one of Plaintiff's claims hinges on RBA not providing validation of the debt. This is a fatal flaw in Plaintiff's claims.

The simple fact is that the FDCPA does not require a Debt Collector to provide validation of a debt if after receiving a request for validation the debt collector chooses to stop collection

---

[1] In the interest of judicial economy, RBA adopts and incorporates the arguments made by Citizens Bank, Universal Fidelity and the RBS Defendants relating to Plaintiff's purported RICO claims, and asks this Court to read those arguments in conjunction with the arguments laid out in RBA's Motion to Dismiss and supporting Memorandum.

[2] RBA further adopts and incorporates the arguments made by Citizens Bank, Universal Fidelity and the RBS Defendants in their Motions to Dismiss relating to Plaintiff's lack of standing to sue.

activity and close the account. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1031-32 (6th Cir.1992); *see also*, 15 U.S.C. §1692g(b). That is exactly what RBA did in response to Plaintiff's request for validation.

15 U.S.C. § 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. *Id.*

In order to properly comport with Section 1692g(b) RBA was required to cease collection activities once it received notification that Plaintiff was disputing the debt. Nothing in Section 1692g(b) requires a debt collector to send a validation notice if the collector chooses to cease collection activities and close its account. *Id.* Validation is only required if the debt collector wishes to continue collection efforts. Since RBA ceased collection activities, it was not obligated to send a separate validation of the debt to plaintiff. *Smith, supra.*

Likewise, there was nothing fraudulent about RBA choosing to cease collection activities and close the account instead of validating the debt. This was simply a business decision that RBA was legally permitted to make. Although Plaintiff would like the Court to believe there was some sort of concerted malice against him and his companies, Plaintiff has not and cannot allege a factual or legal basis for any type of claim against RBA.

Plaintiff similarly fails to meet the pleading standard with respect to any claims purportedly brought under the FCRA (15 U.S.C. §1681) or Fair Credit Extension Uniformity Act 73, P.S. §§ 2270(a).

Based upon the foregoing, RBA reiterates that Plaintiff lacks standing to bring the instant action and, moreover, has failed to state a claim against Defendant RBA upon which relief can be granted. As such, Defendant Richard J. Boudreau & Associates, LLC hereby requests that this Honorable Court dismiss Plaintiff's Complaint against it, with prejudice.

Respectfully submitted,

MINTZER, SAROWITZ, ZERIS, LEDVA

& MEYERS, LLP

BY: */s/ Jason G. Wehrle, Esquire*
JASON G. WEHRLE, ESQUIRE
PA Id. No. 92711
EQT Plaza – Suite 390
625 Liberty Avenue
Pittsburgh, PA 15222
412.928.0502
jwehrle@defensecounsel.com

*Counsel for Defendant,*
*Richard J. Boudreau &*
*Associates, LLC*

## CERTIFICATE OF SERVICE

I, Jason G. Wehrle, certify that the above Reply Brief in Support of Richard J. Boudreau & Associates' Motion to Dismiss has been filed with the clerk for the United States District Court for the Western District of Pennsylvania, using the Electronic Case Filing ("ECF") system of the Court, and has been served upon the parties via the methods specified below:

**Via Federal Express**
Richard C. Hvizdak
110 South Main Street
Pittsburgh, PA 15220

**Via ECF**

Robert J. Hannen
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Direct (412) 566.5911
rhannen@eckertseamans.com
*Attorneys for Defendants Citizens Bank of Pennsylvania,
RBS Citizens, N.A., RBS Citizens Financial Group, Inc.,
The Royal Bank of Scotland plc, and Karen D. Budniak*

Michael E. Giblin
Swartz Campbell
600 Grant Street
4750 U.S. Steel Building
Pittsburgh, PA 15219
(412) 232-9800
Email: mgiblin@swartzcampbell.com
*Counsel for Universal Fidelity LP*

Ross S. Enders
Sessions, Fishman, Nathan & Israel, LLC
2303 Oxfordshire Road
Furlong, PA 18925-1251
215-794-7207
Fax: 215-794-5079
Email: renders@sessions-law.biz
*Counsel for Mercantile Adjustment Bureau*

                                                    */s/ Jason G. Wehrle*
                                                    Jason G. Wehrle