IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C. HVIZDAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITIZENS BANK OF PENNSYLVANIA; | ) NO. 2:14-cv-00406-MBC-RCM |
| RBS CITIZENS, NA; | ) |
| RBS CITIZENS FINANCIAL GROUP, | ) |
| INC.; ROYAL BANK OF SCOTLAND | ) |
| PLC; KAREN D. BUDNIAK, SENIOR | ) |
| V.P.; RICHARD J. BOUDREAU & | ) |
| ASSOCIATES, LLC; | ) |
| UNIVERSAL FIDELITY LP; | ) |
| MERCANTILE ADJUSTMENT BUREAU, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

**UNIVERSAL FIDELITY LP'S REPLY TO PLAINTIFF'S
BRIEF OPPOSING MOTION TO DISMISS**

Defendant Universal Fidelity LP (hereinafter "UFLP") hereby submits its Reply to Plaintiff's Brief Opposing Motion to Dismiss, and in support thereof, states as follows:

**I. Introduction**

In his Brief Opposing Motion to Dismiss (Doc. No. 50 - hereinafter "Brief in Opposition"), Plaintiff has set forth no legally cognizable argument or other viable basis by which his attempted claims against UFLP should survive the present Motion to Dismiss. As set forth below, and at length in Defendant UFLP's Motion to Dismiss (Doc. No. 44) and Memorandum of Law in Support (Doc. No. 45), Plaintiff's claims against UFLP remain incapable of sustaining any cause of action and should be dismissed.

## II. **Argument**

In Section VI of the Brief in Opposition, which is directed to "Debt Collectors," Plaintiff fails to point to any argument or allegations in the Amended Complaint that could save his claims against UFLP. Here, Plaintiff simply reverts to his legally unsupported and conclusory allegation that the Collection Defendants allegedly "aided and abetted" the RBS Defendants in the collection of what Plaintiff contends, without support, to be "unlawful debt." (*See* Doc. No. 50 – Brief in Opposition at 18). Despite such unsupported conclusions, and in the same breath, Plaintiff then concedes that the alleged role of the Collection Defendants is "far peripheral" and admits that they were not even privy to the alleged "LIBOR fraud" upon which his claims appear to rest. (*See* Doc. No. 50 – Brief in Opposition at 18).

Moreover, and with respect to UFLP, Plaintiff has now conceded that the only account it was allegedly involved with (Michannah LLC) was neither a borrower nor a guarantor for the 2007 Citizens Bank loan purportedly giving rise to his claims, and that Michannah LLC simply held an unspecified "account" with Citizens Bank. (*See* Doc. No. 50 – Brief in Opposition at 19). Although Plaintiff's argument is not particularly clear, such admissions would appear to sever any alleged connection between UFLP and the litany of LIBOR-related allegations set forth in the Amended Complaint. In any event, such allegations are not only incapable of sustaining any cause of action against UFLP, they further undermine and expose the clear lack of merit of Plaintiff's claims against it.

In addition to the above, Plaintiff's Brief in Opposition completely ignores the fact that collection activities pertaining to admittedly commercial and/or business debts of various non-party companies are simply not covered under the FDCPA. *See* 15 U.S.C.§1692a(5) (limiting debts that are covered under the FDCPA to those arising out of obligations pertaining to personal, family, or household purposes).

In attempting to salvage his FDCPA claims, Plaintiff provides no new argument or support for his claims and merely reverts to repeating the general theme of his claims against the Collection Defendants, notably, that they allegedly failed to respond to his requests for verification. (*See* Doc. No. 50 – Brief in Opposition at 19). In this respect, Plaintiff's claims remain conclusory, point to no allegations in the Amended Complaint which are sufficient to support a claim and rely upon a material misinterpretation and/or misunderstanding of the FDCPA.

Contrary to Plaintiff's claims, a collection agency is only required to follow the requirements of the FDCPA. Here, Plaintiff's suggestion that the Collection Defendants, including UFLP, were required to provide him with unspecified documentation or "computer printouts" after he claims to have requested validation is simply inaccurate. (*See* Doc. No. 50 – Brief in Opposition at 20). What Plaintiff apparently fails to accept and/or appreciate is that a mere failure to verify a disputed debt is not, in and of itself, an actionable violation of the FDCPA, RICO or any other common law or statute. *See 15 U.S.C. §1692g(b); and Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 1014 (11th Cir. 2004), *as revised* (Aug. 3, 2004). To the contrary, even assuming a collection agency receives a verification request within the thirty-day notice period, the FDCPA does not give rise to any affirmative duty for a collection agency to then gather and/or provide "documentation" that a debtor sees fit to request. *See Jones v. Investment Retrievers, LLC*, 2011 WL 1565851, *6 (M.D. Pa. 2011) ("Mere failure to provide documentation of a debt, in itself, does not violate the FDCPA").

In addition to the fact that Plaintiff has not pointed to any actionable conduct that can reasonably be interpreted as a violation of the FDCPA, Plaintiff has failed to demonstrate that his alleged requests for verification were timely or that any duty to provide verification might have been triggered. In fact, and with respect to UFLP, the documents which Plaintiff has provided

with his RICO Case Statement (*See* Doc. No. 38-1 at pp. 6-7) confirm that Plaintiff failed to request validation in writing until *after* the FDCPA's thirty-day period for disputing a debt had expired.  *See* 15 U.S.C. §1692g; *and see Jones,* 2011 WL 1565851 at *6, *citing to Sentfle v. Landau*, 390 F.Supp. 2d 463, 475 (D. Md. 2005) in recognizing that "[t]he right to have a debt verified before collection efforts can continue is *waived* if written notification is not sent within the thirty-day period." (emphasis added); *and see Graziano v. Harrison*, 950 F.2d 107, 112 (3d. Cir. 1991) (holding that notice of a dispute of a debt must be in writing).  Plaintiff's failure to show that any alleged request for verification was timely is fatal to his FDCPA claims.

Lastly, Plaintiff's response to challenges to his standing to sue on behalf of third-party corporate entities is similarly without merit.  Here, Plaintiff ostensibly argues that since he allegedly took phone calls and/or received notices that he may bring suit under the FDCPA and/or other statutes.  (*See* Doc. No. 50 – Brief in Opposition at 21).  To the contrary, even if true, such allegations are incapable of stating a claim and should be dismissed.

Plaintiff's suggestion that a remand would be appropriate is similarly unavailing.  In this respect, it is worth noting that Defendants herein have not challenged the Court's subject matter jurisdiction and only seek dismissal under F.R.C.P. 12(b)(6) for failure to state a claim.  Moreover, the issue of standing which Defendants have raised is one of prudential standing, not constitutional standing, and, as such, does not deprive the Court of subject matter jurisdiction to rule on the pending Motions to Dismiss.  *See In re Erie Forge & Steel, Inc.,* 418 F.3d 270, 275 n.8 (3d Cir. 2005) (recognizing that issues of prudential standing, as opposed to Article III standing, "may be bypassed in favor of deciding the merits"); *see also Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 232 (3d. Cir. 2013) (noting that prudential limitations on standing under antitrust law, although preventing a plaintiff from recovering, "[do] not affect the subject matter jurisdiction of the court.")  In sum, since the standing issues before the Court are

non-jurisdictional in nature, this Honorable Court is well within its purview to address the merits of Plaintiff's claims and Defendants' challenges thereto.

### III. Conclusion

Despite the averments in Plaintiff's Brief in Opposition, the allegations in the Amended Complaint continue to fail to state any viable claim against UFLP under the FDCPA, RICO, or any other statute or common law. As such, all of Plaintiff's claims against UFLP should be dismissed, with prejudice.

                                                  Respectfully submitted,

                                                  SWARTZ CAMPBELL, LLC

Date: January 19, 2015                    By: /s/ Michael E. Giblin
                                                  Michael E. Giblin (PA I.D. No. 86751)
                                                  mgiblin@swartzcampbell.com

                                                  4750 U.S. Steel Tower
                                                  600 Grant Street
                                                  Pittsburgh, PA 15219
                                                  Phone: (412) 232-9800
                                                  Facsimile: (412) 471-1106

**CERTIFICATE OF SERVICE**

I hereby certify that, on Monday, January 19, 2015, I electronically filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF electronic filing service for the United States District Court for the Western District of Pennsylvania which will send notification of such filing to all counsel or parties of record via email. I further certify that I have forwarded a copy of the foregoing via U.S. Mail to the following non-CM/ECF participants and/or unrepresented parties:

<u>Via U.S. Mail:</u>

Richard C. Hvizdak
110 South Main Street, West End
Pittsburgh, PA 15220
*(Plaintiff)*

SWARTZ CAMPBELL LLC

By: /s/ Michael E. Giblin
Michael E. Giblin, Esq.
*Attorney for Defendant,*
*Universal Fidelity LP*