IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C. HVIZDAK, | ) |
| Plaintiff, | ) |
| v. | ) |
| CITIZENS BANK OF PENNSYLVANIA; RBS CITIZENS, NA; RBS CITIZENS FINANCIAL GROUP, INC.; ROYAL BANK OF SCOTLAND PLC; SENIOR V.P. KAREN D. BUDNIAK; RICHARD J. BOUDREAU & ASSOCIATES, LLC; UNIVERSAL FIDELITY LP; and MERCANTILE ADJUSTMENT BUREAU, | ) Civil Action No. 14-cv-406 (MBC) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS
TO THE MAY 19, 2015 REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE ROBERT C. MITCHELL**

In his Report and Recommendation (ECF No. 67), Magistrate Judge Mitchell recommends that the Amended Complaint be dismissed based on Plaintiff's lack of prudential standing. Defendants respectfully submit that this Court should overrule Plaintiffs' Objections to the Report & Recommendation (ECF No. 68) ("Objections"), adopt the Report and Recommendation, and dismiss the Amended Complaint with prejudice for the reasons explained by the Magistrate Judge.

**ARGUMENT**

I.      **The Magistrate Judge Correctly Concluded That Plaintiff Lacks Standing**

Plaintiff, the former owner of two real estate businesses that received and ultimately defaulted on a loan from Defendant Citizens Bank of Pennsylvania, seeks to recover on the theory that LIBOR manipulation by Defendants injured the businesses. Magistrate Judge Mitchell properly recommended that Plaintiff's Amended Complaint be dismissed because Plaintiff lacks standing, either as a guarantor on the loan or as the owner of the businesses, to assert claims based on injuries the businesses allegedly suffered. As Magistrate Judge Mitchell explained, "[i]t is well recognized that a sole shareholder or owner of a corporation has no individual right of action against third parties for damages that result directly from injuries to the corporation," and "this view has been applied to bar an individual guarantor of a corporation's debt from bringing suit on behalf of the corporation." Report and Recommendation at 7; *see Hill v. Ofalt*, 85 A.3d 540, 552 (Pa. Super. Ct. 2014) (guarantor may not assert claims for injuries "dependent upon and derivative to the corporate injury").

None of the cases cited by Plaintiff supports a different conclusion. *Delahanty v. First Pennsylvania State Bank, N.A.*, 464 A.2d 1243 (Pa. Super. Ct. 1983), is unhelpful to Plaintiff for the reasons already explained in Defendants' reply brief in support of their motion to dismiss. *See* Reply Mem. Supp. Mot. Dismiss ("Reply") (ECF No. 52) 6 n.7. The plaintiffs in *Delahanty* included not only a corporation's guarantors, but also the corporation, so there was no need for the court to address whether the guarantors would have had standing to pursue the corporation's claims (and indeed the decision does not discuss standing). Also unhelpful to Plaintiff are *Ford Motor Credit Company v. Lototsky*, 549 F. Supp. 996 (E.D. Pa. 1982), *Keystone Bank v.*

*Flooring Specialists, Inc.*, 518 A.2d 1179 (Pa. 1986), and *J.F. Walker Co. v. Excalibur Oil Group, Inc.*, 792 A.2d 1269 (Pa. Super. Ct. 2002), none of which addresses guarantor standing.[1]

Nor can Plaintiff avoid dismissal based on the suggestion that he was "personally aggrieved by being rejected by a bank not sued here." Objections ¶ 4. Magistrate Judge Mitchell's Report and Recommendation addresses this very theory, observing that "[t]he damages that Plaintiff alleges were suffered by corporations owned or operated by him and any purported injury to him in terms of a 'besmirched' credit score is wholly derivative to the alleged harm suffered by [his corporations]." Report and Recommendation 9. Accordingly, "Plaintiff lacks standing as he is merely the guarantor of a corporate loan and cannot bring claims alleging damages from the Libor rate manipulation and/or Defendant's debt collection practices for such a loan when he alleges *no specific harm to him*." *Id.* (emphasis added). Plaintiff identifies no flaw in the Magistrate Judge's analysis.

Finally, Plaintiff's lack of prudential standing does not require a remand. Contrary to Plaintiff's contention, and as set forth in detail in Defendants' reply brief, there is no basis for remand where, as here, dismissal is warranted based on lack of prudential standing (*i.e.*, where the plaintiff is not one who may bring the claims at issue), as distinct from a case in which Article III standing is absent. *See* Reply at 6-7 & n.8.

## II. Plaintiff's Other Arguments Are Beyond The Scope Of The Report And Recommendation

Plaintiff also objects to reliance by the Magistrate Judge "to any extent" on the forbearance agreements in which Plaintiff released his claims, the estoppel principles barring

---

[1] Plaintiff also cites *Hawkins v. Community Bank of Raymore*, 761 F.3d 937 (8th Cir. 2014), *cert. granted*, 135 S. Ct. 1492, and *RL BB Acquisition, LLC v. Bridgemill Commons Development Group, LLC*, 754 F.3d 380 (6th Cir. 2014), *see* Objections ¶ 10, but those cases concern narrow questions of federal statutory interpretation—principally, whether a guarantor is an "applicant" within the meaning of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*—and have no relevance to the guarantor standing issue presented here.

Plaintiff from pursuing claims he failed to disclose in bankruptcy, or Plaintiff's failure adequately to plead a violation of RICO. Objections ¶¶ 14-16. The Magistrate Judge's recommendation does not appear to rely on any of these considerations. Nevertheless, as set forth in Defendants' briefs in support of their motion to dismiss, each provides an additional, independent basis for dismissal.

### III.  Plaintiff Should Not Be Permitted To Amend His Complaint

As explained by the Magistrate Judge, Report & Recommendation 9, and set forth in Defendants' opening brief, *see* Mem. Supp. Defs.' Mot. Dismiss (ECF No. 48) 28, any further amendment of the complaint would be futile. Accordingly, Plaintiff should not be permitted to amend for a second time, and the Amended Complaint should be dismissed with prejudice.

### CONCLUSION

For all of the foregoing reasons, as well as those set forth in the Report and Recommendation of the Magistrate Judge, Defendants respectfully request that the Court overrule Plaintiff's objections, adopt the Report and Recommendation, and dismiss the Amended Complaint with prejudice.

Dated: June 9, 2015                                     Respectfully submitted,

*/s/ Robert J. Hannen*
Robert J. Hannen
PA I.D. No. 63432
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street , 44th Floor
Pittsburgh, PA 15219
(412) 566.6000
rhannen@eckertseamans.com

*Attorneys for Defendants Citizens Bank of Pennsylvania, Citizens Bank, N.A., Citizens Financial Group, Inc., The Royal Bank of Scotland plc, and Karen D. Budniak*

## **CERTIFICATE OF SERVICE**

  I, Robert J. Hannen, certify that the above Response to Plaintiff's Objections to the May 19, 2015 Report and Recommendation issued by Magistrate Judge Mitchell has been filed with the clerk for the United States District Court for the Western District of Pennsylvania, using the Electronic Case Filing ("ECF") system of the Court, on June 9, 2015, and has been served upon the parties via the methods specified below:

**Via U.S. First-Class Mail:**
Richard C. Hvizdak
110 South Main Street
Pittsburgh, PA 15220

                */s/ Robert J. Hannen*
                Robert. J. Hannen