IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C. HVIZDAK, | ) |
| Plaintiff, | ) |
| v. | ) |
| CITIZENS BANK OF PENNSYLVANIA; RBS CITIZENS, NA; RBS CITIZENS FINANCIAL GROUP, INC.; ROYAL BANK OF SCOTLAND PLC; SENIOR V.P. KAREN D. BUDNIAK; RICHARD J. BOUDREAU & ASSOCIATES, LLC; UNIVERSAL FIDELITY LP; and MERCANTILE ADJUSTMENT BUREAU, | ) Civil Action No. 14-cv-406 (MBC) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO ALTER OR AMEND THE JUDGMENT AND SUBSEQUENT FILINGS**

The undersigned defendants respectfully submit this brief response to Plaintiff's June 29, 2015 Motion to Alter or Amend Judgment (ECF No. 73), as well as his July 2, 2015 "Notice of New U.S. Supreme Court Authority" (ECF No. 74) and July 8, 2015 "Memorandum In Favor of Rule 59(e) Motion for Relief" (ECF No. 75).

In his June 29 motion, Plaintiff primarily complains that this Court's Memorandum Order was insufficiently detailed as to its reasoning and that the Court did not permit discovery or conduct a de novo hearing. *See* Mot. Alter or Amend J. ¶¶ 1, 8. Plaintiff also repeats the assertions from his objections (ECF No. 68) and supplementary submissions (ECF Nos. 69, 71)

that he suffered an individual injury independent of the corporate injuries and that the case should be remanded.  *See* Mot. Alter or Amend J. ¶¶ 3-4, 6.  In the July 2 notice of new authority, Plaintiff argues that his standing is supported by a recent Supreme Court decision concluding that the Arizona Legislature had standing to challenge the constitutionality of a redistricting commission adopted by popular referendum.  Finally, in his July 8 memorandum, Plaintiff reiterates his arguments for remand and that he suffered an individual injury.

All of Plaintiff's arguments fail.  This Court properly adopted the Magistrate Judge's Report and Recommendation under the relevant statutory standards and Third Circuit precedents.  After receiving a report and recommendation from a magistrate judge, a district judge "*shall* make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,] … *may* accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "*may* also receive further evidence."  28 U.S.C. § 636(b)(1) (emphases added).  Here, this Court was clear that it did in fact conduct a "*de novo* review of the pleadings and documents in this case" as well as the Report and Recommendation as required by the statute, and held that "Plaintiff's objections are without merit and are overruled."  Memorandum Order, *Hvizdak v. Citizens Bank of Penn.*, No. 14-CV-406 (W.D. Pa. June 19, 2015) (ECF No. 72).  Moreover, the Court made its reasoning clear by "adopt[ing] as the Opinion of the District Court" the Report and Recommendation prepared by Magistrate Judge Mitchell.  *Id.*  The Court was not required to hold a hearing, permit discovery, or receive further evidence.  *See* 28 U.S.C. § 636(b)(1) (stating that the court "*may* … receive further evidence").  The Third Circuit has regularly affirmed district court orders adopting Reports and Recommendations in a similar fashion.  *See, e.g.*, *Robinson v. Hicks*, 450 F. App'x 168, 172 (3d Cir. 2011) (holding that the district court did not

err by failing to conduct a *de novo* review of a Magistrate Judge's Report and Recommendation where the district court order stated that the court had conducted "an independent review of the record," noted the objections to the Report and Recommendation, and found the objections to be "without merit").

As for Plaintiff's repetitive arguments concerning injury and remand, his filings raise no grounds for reconsideration.  As Defendants explained previously, Plaintiff has not suffered any individual injury that is not derivative of the injuries suffered by the corporations and remand is not required under these circumstances.  *See, e.g.*, Defs.' Mem. 13-14; Defs.' Reply 6-7 & n.8; Response to Objections 2-3.  Magistrate Judge Mitchell and this Court correctly concluded that because Plaintiff is "merely the guarantor of a corporate loan," he "cannot bring claims alleging damages from the Libor rate manipulation and/or Defendant's debt collection practices for such a loan," and because he lacks standing, permitting further amendment of the complaint would be futile.  Report and Recommendation 9 (ECF No. 67).  The new Supreme Court case cited by Plaintiff does not concern guarantor standing and is inapposite.  *See Arizona State Legis. v. Arizona Indep. Redistricting Comm'n*, No. 13-1314, 2015 WL 2473452, at *8-10 (U.S. June 29, 2015).  Plaintiff's citation of *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72 (1991), is similarly irrelevant, as that case concerns whether a party has standing to challenge removal (which is not at issue here), and does not address guarantor standing.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Alter or Amend Judgment.

Dated: July 10, 2015

Respectfully submitted,

*/s/ Robert J. Hannen*
Robert J. Hannen
PA I.D. No. 63432
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street , 44th Floor
Pittsburgh, PA 15219
(412) 566.6000
rhannen@eckertseamans.com

*Attorneys for Defendants Citizens Bank of Pennsylvania, Citizens Bank, N.A., Citizens Financial Group, Inc., The Royal Bank of Scotland plc, and Karen D. Budniak*

**CERTIFICATE OF SERVICE**

      I, Robert J. Hannen, certify that the above Response to Plaintiff's Motion to Alter or Amend the Judgment and subsequent filings has been filed with the clerk for the United States District Court for the Western District of Pennsylvania, using the Electronic Case Filing ("ECF") system of the Court, and has been served upon the parties via the methods specified below:

**Via USPS First Class Mail:**
Richard C. Hvizdak
110 South Main Street
Pittsburgh, PA 15220

                                            */s/ Robert J. Hannen*
                                            Robert. J. Hannen