# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C. HVIZDAK,<br>    Plaintiff,<br><br>v.<br><br>CITIZENS BANK OF PENNSYLVANIA,<br>RBS CITIZENS, NA, CITIZENS<br>FINANCIAL GROUP, NAS, ROYAL<br>BANK OF SCOTLAND, SENIOR V.P.<br>KAREN D. BUDNIAK,<br>    Defendants. | Civil Action No. 14-406<br><br>Magistrate Judge Robert C. Mitchell/<br>District Judge Maurice B. Cohill |

## OPINION and ORDER

**MAURICE B. COHILL**, United States Senior District Judge.

On June 19, 2015, we entered a Memorandum Order adopting the Magistrate Judge's Report and Recommendation, granted Defendant's Motion to Dismiss, and dismissed Plaintiff's Complaint with Prejudice. ECF No. 72. Presently pending before the Court is Plaintiff Richard C. Hvizdak's Motion to Alter or Amend Judgment [Pursuant to] Rule 59, F.R.Civ.P. (ECF No. 73), and his supporting material filed as Notice of New U.S. Supreme Court Authority (ECF No. 74), and a Memorandum in Favor of Rule 59(e) Motion for Relief (ECF No. 75). Defendants' have filed a Response opposing Plaintiff's Motion. ECF No. 76. Finally, Mr. Hvizdak has filed a Motion to Schedule Oral Argument on the issues he raises. ECF No. 77.

Mr. Hvizdak requests that we deny and dismiss the Report and Recommendation, and instead allow him to amend his Complaint, and/or supplement his Objections with exhibits, or remand the case to the Court of Common Pleas of Allegheny County. Because we agree that remand is required, we will grant Mr. Hvizdak's motion in part and remand this case.

1

Mr. Hvizdak's motion is, in essence, a motion that we reconsider our Memorandum Order. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). In order to be entitled to relief under Rule 59(e), the "party seeking reconsideration must establish at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id.

## I.

As to an intervening change in controlling law, Mr. Hvizdak points to Arizona State Legislature v Arizona Independent Redistricting Commission, __ U.S. __, __ S.Ct. __, 2015 WL 2473452 (2015), a Supreme Court case decided June 29, 2015 in which the Supreme Court found that the Plaintiff, Arizona State Legislature, did have standing. Mr. Hvizdak argues that the Arizona State Legislature's injury "was held to be 'concrete and particularized' as are your Plaintiff's personal injuries [] in this case. The injuries are 'actual and imminent'; they qualify as 'invasions(s) of a legally protected interest' which are 'fairly traceable to the challenged action' and further, 'redressable by a favorable ruling.'" Notice of New U.S. Supreme Court Authority 1-2. He then briefly argues as to how he personally has suffered an injury traceable to Defendants' actions. Id. 2. Mr. Hvizdak's argument is merely a recitation of the established legal requirements for standing. There is nothing in the Supreme Court's decision concerning standing that would constitute an intervening change in the law of standing affecting the outcome of the instant case.

2

Our consideration of whether Plaintiff had proper standing considered the same factors set forth by the Supreme Court. Mr. Hvizdak's lack of standing arises from the fact that he is suing in his personal capacity on behalf of his corporations and setting forth claims that "because his companies' original loan, forbearance agreement and amendment to the forbearance agreement include provisions that the interest rate paid was based on Libor, Defendants have acted fraudulently and in violation of RICO because of the Libor interest rate manipulation scheme." Report and Recommendation, ECF No. 67, at 4. As stated in the Report and Recommendation, adopted as our Opinion,

> [Plaintiff] does not allege that he has been directly injured in any way due to the Libor manipulation scheme or (reading the complaint broadly) Defendant's debt collection practices. Rather, the losses suffered by Plaintiff, if any, due to the Libor manipulation or debt collection, are merely a consequence of the losses, if any, suffered by HHDR and RCH Pittsburgh as the loan borrowers.

Id. at 8.

We understand that Mr. Hvizdak continues to assert that he personally was injured as a result of the harm suffered by his corporations, but we have determined that these injuries are wholly derivative to the alleged harm suffered by his corporations. Even when a party plausibly claims that it was negatively affected by certain alleged events it still lacks standing to bring suit for relief if the claims are based on a third party's legal rights and interests. See Chiyoda Gravure, Co., Ltd. v. Chiyoda Am., Inc., 2006 WL 2524231, *3 (M.D. Pa. Aug. 29, 2006) (plaintiff-subsidiary of plaintiff-parent corporation lacks standing to assert claims on behalf of parent corporation). Accordingly, we concluded that Mr. Hvizdak lacks standing to assert an action as an individual against third parties for damages that result directly from injuries to the corporation.

3

**II.**

Mr. Hvizdak has not presented new evidence that was not available when we granted the motion to dismiss. The argument he offers in his Notice of New U.S. Supreme Court Authority as to how he was personally injured due to CHECKSYSTEMS is the same argument presented to this Court in Mr. Hvizdak's Motion to Further Supplement with Exhibits the Objections to the Report and Recommendation (ECF No. 71), which we granted and considered.

**III.**

Mr. Hvizdak's primary argument concerns a need to correct a clear error of law; specifically, that we erred in not remanding the case to state court. Our decision to dismiss this case turned on the fact *that* we concluded that Mr. Hvizdak lacks standing to assert his claims on behalf of his corporations. There are no claims in Mr. Hvizdak's complaint asserted on his behalf as an individual that are not derivative of claims asserted on behalf of his corporations, and so the question of standing is resolved against Plaintiff. The question we must address now is, given our conclusion that Plaintiff lacked standing, did we err in not remanding this case to state court. We now conclude that we did err and that this case should have been remanded.

Section 1447(c) of Title 28 of United States Code provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This raises the question of whether a decision that a party lacks Article III standing is equivalent to a determination that the court lacks subject matter jurisdiction. The United States Court of Appeals for the Tenth Circuit considered this question when it had to determine whether it had jurisdiction over an appeal of a remand order in which the District Court determined that there was no standing and remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Hill v. Vanderbilt Capital Advisors, LLC, 702 F.3d 1220 (10th Cir. 2012). The Circuit Court had to consider its own jurisdiction because

4

Section 1447(d) explicitly prohibits appellate review of a section 1447(c) remand order, providing: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

The District Court in Hill "characterized its standing ruling as depriving it of subject matter jurisdiction, concluding that it must 'remand the case to New Mexico state court for lack of subject-matter jurisdiction.'" Hill, 702 F.3d at 1223. Plaintiffs sought appellate review of the remand order arguing that standing and subject matter jurisdiction are distinct issues, and therefore, despite the District Court's referral to lack of subject matter jurisdiction the remand was not a section 1447(c) remand. Id.

In addressing the issue of the relationship between standing and subject matter jurisdiction the appellate court noted that in its own Tenth Circuit decisions the court "has repeatedly characterized standing as an element of subject matter jurisdiction." Id. at 1224 (citing cases). Reviewing the "flip side of this issue: whether a district court's conclusion that a plaintiff lacks standing in a removed case requires the court to remand rather than dismiss," the Hill Court noted that courts have "uniformly answered in the affirmative." Id. at 1225 (citing cases).

The Hill Court then concluded that "a dismissal for lack of standing can be at least colorably characterized as a dismissal for lack of subject matter jurisdiction." Id. The Court further found that no futility exception applied citing the Supreme Court's statement that:

> [T]he literal words of § 1447(c), ... on their face, give no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case shall be remanded.

Hill, 702 F.3d at 1225-26, quoting International Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72, 89, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) (quotations and ellipses omitted). The Hill Court dismissed the case stating that "[o]ur determination that the

5

district court's dismissal for lack of standing is at least colorably a dismissal for lack of subject matter jurisdiction ends the inquiry." Hill, at 1226.

Similarly, in Sampath v. Con. Technologies Corp., the District Court stated that "[s]tanding is a jurisdictional requirement." Sampath, 2006 WL 1207961, at *2 (W.D. Pa. May 3, 2006), citing Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir.2003). The Sampath Court further stated that if "plaintiff has 'not stated an injury in fact that is particularized and imminent' plaintiff does not have standing and *there is no subject matter jurisdiction, therefore, the Court must dismiss the action.*" Sampath, 2006 WL 1207961, *2, citing Storino, 322 F.3d at 296 (emphasis added). See also Giordano v. Wachovia Securitites, LLC, 2006 WL 2177036, at *5 (D.N.J. July 31, 2006) ("having found lack of standing-and thus lack of subject matter jurisdiction-this Court must remand this case to state court"); and Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537 (3d Cir. 1994) ("If a district court finds that a Plaintiff in a removed case does not have standing, it will remand the case to the state court" as "the doctrine of standing ... goes to the subject matter jurisdiction of the district court and the validity of its judgment *ab initio*") (quoting Page v. Schweiker, 786 F.2d 150, 153 (3d Cir.1986)).

We determined that Mr. Hvizdak did not have standing to assert claims brought on behalf of his corporations. Our decision to dismiss the case rested on our conclusion that it would be futile to permit him to amend his complaint in federal court as we had concluded that the only parties that had standing for the claims asserted in the complaint were Mr. Hvizdak's companies. Significantly, the United States Court of Appeals for the Third Circuit has explicitly rejected a "futility exception" to section 1447(c)"s remand requirement, stating that "[i]n light of the express language of § 1447(c) and the Supreme Court's reasoning in International Primate, we hold that when a federal court has no jurisdiction of a case removed from a state court, it must

remand and not dismiss on the ground of futility." Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 214 (3d Cir. 1997), citing International Primate, 500 U.S. at 89. The Bromwell Court concluded:

> Once the district court determined that it lacked subject-matter jurisdiction over the Appellants' claim, the district court was obligated to remand the matter to the state court under the express language of § 1447(c). Whether the matter is justiciable under state law is a matter for the state court to decide.

Bromwell, 115 F.3d at 214. See also Randolph v. ING Life Ins. and Annuity Co., 486 F. Supp. 2d 1, 10 (D.D.C. 2007) (declining to recognize a futility exception even though "standing rules applicable to federal courts apply equally to the Superior Court for the District of Columbia," and the state court "may also conclude that Plaintiffs lack the requisite standing to pursue their claims in that forum").

Given the above case law indicating that a lack of standing deprives this court of subject matter jurisdiction, we must remand this case as Section 1447(c) "declares that, where subject matter jurisdiction is lacking, the removed case '*shall* be remanded.'" International Primate, 500 U.S. at 89, quoting 28 U.SC. § 1447(c) (emphasis added). Therefore, we will amend our Memorandum Order to vacate our order dismissing this case and replace it with an order to remand this case to the Court of Common pleas of Allegheny County pursuant to 28 U.S.C. § 1447(c).

Accordingly, the following Order is hereby entered.

AND NOW, this __14th__ day of July, 2015, it is HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Alter or Amend Judgment [Pursuant to] Rule 59, F.R.Civ.P. (ECF No. 73) be and hereby is DENIED in Part and GRANTED in part as follows:

7

Plaintiff's Motion is GRANTED to the extent that he seeks a review of our Memorandum Order and a remand to state court. The Motion is DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiff's Motion to Schedule Oral Argument (ECF No. 77) be and hereby is DENIED as moot.

IT IS FURTHER ORDERED that the Court's Memorandum Order adopting the Report and Recommendation is hereby AMENDED such that the ruling in the Order stating that "the Plaintiff's complaint is dismissed with prejudice" is hereby vacated.

IT IS FURTHER ORDERED that the Court's Memorandum Order is AMENDED to include the following directive:

This case is hereby REMANDED to the Court of Common Pleas of Allegheny County forthwith pursuant to 28 U.S.C. § 1447(c).

By the Court,

*Maurice B. Cohill Jr.*
The Honorable Maurice B. Cohill
United States Senior District Judge

cc:     The Honorable Robert C. Mitchell
        United States District Court
        Western District of Pennsylvania

        Richard C. Hvizdak, *pro se*
        110 South Main St.
        Pittsburgh, PA 15220

        *Counsel for Defendant*
        Robert J. Hannen, Esquire
        Eckert Seamans Cherin & Mellott, LLC
        US Steel Tower
        600 Grant Street, 44th Floor
        Pittsburgh, PA 15219-2788