IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C. HVIZDAK, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| CITIZENS BANK OF PENNSYLVANIA; RBS CITIZENS, NA; RBS CITIZENS FINANCIAL GROUP, INC.; ROYAL BANK OF SCOTLAND PLC; SENIOR V.P. KAREN D. BUDNIAK; RICHARD J. BOUDREAU & ASSOCIATES, LLC; UNIVERSAL FIDELITY LP; and MERCANTILE ADJUSTMENT BUREAU, | ) <br> ) <br> ) Civil Action No. 14-cv-406 (MBC) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants The Royal Bank of Scotland Group plc, Citizens Bank of Pennsylvania, RBS Citizens, N.A., RBS Citizens Financial Group, Inc., and Karen Budniak respectfully move for reconsideration of the Court's Opinion and Order granting Plaintiff's motion to alter or amend the Court's judgment (ECF No. 78).  Defendants also request that the Court recall its Order and accompanying letter (ECF No. 79) remanding to State court to facilitate consideration of this well-founded motion.

**BASIS FOR RECONSIDERATION**

Defendants respectfully submit that the Court erred in concluding it was deprived of subject matter jurisdiction over Plaintiff's claims for lack of Article III standing and therefore

required to remand to State court pursuant to 28 U.S.C. § 1447(c).  In fact, Defendants did not challenge Plaintiff's Article III standing, *see* Reply Br. 6-8, and have not disputed whether Plaintiff's allegation of economic injury might satisfy Article III, *see, e.g.*, Am. Compl. ¶ 175. Instead, Defendants argued (and understand this Court to have decided) that Plaintiff lacked *prudential* standing to assert claims as a guarantor based on injuries allegedly sustained by debtor-corporations Plaintiff owned.  Although the Court noted that the issue of guarantor standing implicates the question of whether Plaintiff had "standing to bring suit for relief [where] the claims are based on a third party's legal rights and interests," Opinion and Order at 3, *Hvizdak v. Citizens Bank of Pennsylvania*, No. 14-cv-406 (W.D. Pa. July 14, 2015), the issue here is thus third-party standing, which is a species of prudential standing, not Article III standing.  *See Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008) (recognizing that question whether corporation or shareholder suffered injury is one of third-party, not Article III, standing); *Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chicago*, 877 F.2d 1333, 1336 (7th Cir. 1989) (recognizing that both guarantors and shareholders suffer injuries derivative of corporation's injury).

     Critically, as Defendants explained in their Reply Brief, "the Third Circuit has recognized that the absence of prudential standing *does not* deprive the court of subject matter jurisdiction to address the merits of a case" in the way that the absence of Article III standing does.  *See* Reply Br. 7 (emphasis added) (citing *In re Erie Forge & Steel, Inc.*, 418 F.3d 270, 275 n.8 (3d Cir. 2005) (holding that unlike an Article III standing issue, a "prudential standing" issue "may be bypassed in favor of deciding the merits") and *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 232 (3d Cir. 2013) (recognizing that antitrust standing, another prudential standing principle, is non-jurisdictional)).

Numerous courts of appeals, including the Tenth Circuit (relied upon by the Court in its decision granting reconsideration) have similarly held that questions of third-party standing do not implicate subject matter jurisdiction.  *See The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 n.1 (10th Cir. 2011) (*en banc*) (recognizing in a third-party standing case that prudential standing doctrines are non-jurisdictional and may be waived); *Rawoof*, 521 F.3d at 756-57 (recognizing that third-party standing claims are not jurisdictional in the traditional sense and that a court need not raise the issue if it was not raised by the parties); *Latin Am. Music Co. v. The Archdiocese Of San Juan of Roman Catholic & Apostolic Church*, 499 F.3d 32, 46 (1st Cir. 2007) ("A question of who may assert an otherwise justiciable claim is a question of prudential standing that does not implicate the court's jurisdiction."); *Touchston v. McDermott*, 234 F.3d 1133, 1151 n.50 (11th Cir. 2000) ("While a party may not ordinarily claim standing to vindicate the constitutional rights of some third party, this is a prudential, rather than jurisdictional, rule of practice."); *Board of Natural Res. of State of Wash. v. Brown*, 992 F.2d 937, 945-46 (9th Cir. 1993) ("Unlike the requirement that a litigant demonstrate an injury in fact, the rule against third-party standing is not a jurisdictional limitation on our review, but a prudential one."); *see also Board of Mississippi Levee Comm'rs v. U.S. E.P.A.*, 674 F.3d 409, 417-18 (5th Cir. 2012) (holding that a third-party standing argument was waived, necessarily implying that such arguments are non-jurisdictional); *Kennedy v. Allera*, 612 F.3d 261, 270 n.3 (4th Cir. 2010) (holding that third-party standing questions could be assumed to reach the merits, necessarily implying that such questions are non-jurisdictional).

The import of these decisions is that a determination (as here) that a plaintiff lacks prudential standing to assert his claims does *not* deprive the court of jurisdiction over those claims.  Instead, here, as in *Rawoof*, even though indirect injuries may suffice for Article III

standing purposes, they are insufficient to confer third-party standing and avoid dismissal. 521 F.3d at 756-57 (affirming the district court's grant of summary judgment on the grounds that Rawoof lacked third-party standing even while recognizing that "Rawoof satisfies the minimum requirements of constitutional standing by virtue of an asserted indirect injury as [the corporation's] sole shareholder"). In contrast, none of the cases the Court relied on actually held that the mere lack of prudential standing deprives the court of subject matter jurisdiction, and in each case it was clear expressly or implicitly that Article III standing was lacking.[1] To the extent there is any ambiguity in the cases cited by the Court, that is outweighed by the clear authority cited above holding that prudential standing does not go to subject matter jurisdiction.

Accordingly, the Court has subject-matter jurisdiction over the case and correctly dismissed Plaintiff's case on the merits due to the absence of third-party standing. The Court would likewise have jurisdiction to dismiss on any of the other grounds briefed in Defendants' motion to dismiss. Remand to State court was accordingly unwarranted.

---

[1] In *Hill*, on which the Court principally relied, the district court decided the case on Article III standing grounds. *See Hill v. Vanderbilt Capital Advisors, LLC*, 834 F. Supp. 2d 1228 (D.N.M. 2011). Moreover, *Hill* was decided in a completely different procedural posture—an appellate challenge to a remand order that required the Tenth Circuit to determine only whether the district court had a colorable basis for characterizing its remand order as jurisdictional. *Id.* at 1224. Finally, only a year before *Hill* was decided, the *en banc* Tenth Circuit specifically addressed the question whether prudential standing raised a jurisdictional question and concluded that it did not. *See The Wilderness Soc.*, 632 F.3d at 1168 n.1 (recognizing in a third-party standing case that prudential standing doctrines are non-jurisdictional).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court recall its Order and Opinion and letter remanding to State court, grant this motion for reconsideration, and reinstate its prior Order dismissing this action with prejudice.

Dated: July 15, 2015                                     Respectfully submitted,

*/s/ Robert J. Hannen*
Robert J. Hannen
PA I.D. No. 63432
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566.6000
rhannen@eckertseamans.com

*Attorneys for Defendants Citizens Bank of Pennsylvania, Citizens Bank, N.A., Citizens Financial Group, Inc., The Royal Bank of Scotland plc, and Karen D. Budniak*

**CERTIFICATE OF SERVICE**

I, Robert J. Hannen, certify that the above Motion for Reconsideration has been filed with the clerk for the United States District Court for the Western District of Pennsylvania, using the Electronic Case Filing ("ECF") system of the Court, and has been served upon the parties via the methods specified below on July 15, 2015:

**Via U.S. First Class Mail**
Richard C. Hvizdak
110 South Main Street
Pittsburgh, PA 15220

/s/ Robert J. Hannen
Robert. J. Hannen