IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C. HVIZDAK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| CITIZENS BANK OF PENNSYLVANIA; RBS CITIZENS, NA; RBS CITIZENS FINANCIAL GROUP, INC.; ROYAL BANK OF SCOTLAND PLC; SENIOR V.P. KAREN D. BUDNIAK; RICHARD J. BOUDREAU & ASSOCIATES, LLC; UNIVERSAL FIDELITY LP; and MERCANTILE ADJUSTMENT BUREAU, | ) ) ) ) ) ) ) ) ) ) Civil Action No. 14-cv-406 (MBC) |
| Defendants. | ) ) |

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF RECONSIDERATION

Defendants The Royal Bank of Scotland Group plc, RBS Citizens Financial Group, Inc., RBS Citizens, N.A., Citizens Bank of Pennsylvania, and Karen Budniak respectfully submit this reply memorandum of law in further support of their motion seeking reconsideration of the Court's Opinion and Order granting Plaintiff's motion to alter or amend the Court's judgment (ECF No. 78).

Remand pursuant to 28 U.S.C. § 1447(c) is unwarranted because the Court possesses subject matter jurisdiction over Plaintiff's claims. Defendants sought, and understood this Court to have granted, a dismissal based on Plaintiff's inability as a guarantor to establish *third-party* standing—not based on any argument that Plaintiff lacked *Article III* standing. Indeed, Defendants have not challenged Plaintiff's Article III standing, *see* Reply Br. 6-8 (ECF No. 52),

or disputed whether Plaintiff's allegation of economic injury might satisfy Article III, *see, e.g.*, Am. Compl. ¶ 175 (ECF No. 39). Article III standing and prudential standing are distinct, and the question of prudential standing, unlike that of Article III standing, is not determinative of this Court's jurisdiction. *See In re Erie Forge & Steel, Inc.*, 418 F.3d 270, 275 n.8 (3d Cir. 2005); *see also* Mot. for Recons. 3 (ECF No. 80) (citing cases from the First, Fourth, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits). Accordingly, this Court's determination that Plaintiff lacked third-party standing to assert his claims did not deprive the Court of jurisdiction over those claims or necessitate a remand.

Plaintiff's arguments are not to the contrary. Plaintiff contends that "considerations of federalism, abstention and comity" support remand, Br. 2 (ECF No. 82), but those considerations do not provide a basis for the Court to decline jurisdiction over this properly removed case, especially after both the parties and the Court have expended considerable time and effort briefing and analyzing a motion to dismiss. Plaintiff also complains again of alleged negative credit reporting arising out of his companies' default and contends that, under Pennsylvania law, he possesses standing to seek redress for such reporting. Br. 2-4. The argument is irrelevant to the instant motion addressing the necessity of remand. In any event, the Court has already considered Plaintiff's claim to have been injured in this fashion, and has concluded (as well as adhering to its conclusion on reconsideration) that Plaintiff has not alleged any injury in connection with his substantive claims that is not derivative of the alleged injuries to the corporations. *See* Opinion and Order at 3-4, *Hvizdak v. Citizens Bank of Pennsylvania*, No. 14-cv-406 (W.D. Pa. July 14, 2015) (ECF No. 78). Nor is there any reason to think a Pennsylvania state court would reach a different conclusion. *See* Reply Br. 6 (citing *Hill v.*

*Ofalt*, 85 A.3d 540, 552 (Pa. Super. Ct. 2014) (guarantors may not assert claims for injuries "dependent upon and derivative to the corporate injury")).

Accordingly, Defendants respectfully request that the Court grant their motion for reconsideration and reinstate its prior Order dismissing the Amended Complaint with prejudice.

Dated: July 27, 2015                                                  Respectfully submitted,

*/s/ Robert J. Hannen*
Robert J. Hannen
PA I.D. No. 63432
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street , 44th Floor
Pittsburgh, PA 15219
(412) 566.5600
rhannen@eckertseamans.com

*Attorneys for Defendants Citizens Bank of Pennsylvania, Citizens Bank, N.A., Citizens Financial Group, Inc., The Royal Bank of Scotland plc, and Karen D. Budniak*

## **CERTIFICATE OF SERVICE**

      I, Robert J. Hannen, certify that the above Reply in Further Support of Reconsideration has been filed with the clerk for the United States District Court for the Western District of Pennsylvania, using the Electronic Case Filing ("ECF") system of the Court, and has been served upon the parties via the methods specified below, on this 27th day of July, 2015:

**Via U.S. First-class Mail:**
Richard C. Hvizdak
110 South Main Street
Pittsburgh, PA 15220

                                                  */s/ Robert J. Hannen*
                                                  Robert. J. Hannen